**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,   )<br>                            )<br>          Plaintiff,        )<br>                            )<br>vs.                         )<br>                            )<br>Patrick Sheets,             )<br>                            )<br>          Defendant.        )<br>_____) | CR 07-96-PHX-JAT<br><br>**ORDER** |

The Court has reviewed the pending motion for leave to file an untimely severance motion, and the attached proposed severance motion (doc. #102). First, the Court notes that Defendant's proffered justification for why he is seeking to file this motion over three months late is because he only recently received some discovery form the Government. However, Defendant fails to tie the receipt of this particular discovery to his motion to sever. Therefore, the Court does not find the grounds for late filing argued by Defendant justify filing a motion to sever. As a result, the motion for leave to file will be denied.

Alternatively, as indicated above, the Court has reviewed the motion to sever. This Court has discretion to sever under Rule 14(a) and the Court's discretion shall be upheld unless a "'joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion [on the motion to sever] in but one way, by ordering a separate trial.'" *United States v. Johnson*, 297 F.3d 845, 855 (9th Cir. 2002) (brackets in original) (quoting *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999)). "To warrant severance, a defendant

1 must demonstrate clear, manifest or undue prejudice resulting from joinder. Merely 2 suggesting, or even demonstrating, a comparative advantage in separate trials . . . does not 3 entitle a [codefendant] to severance." *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 4 1988) (internal citation omitted). "It is insufficient to show that separate trials might have 5 afforded an increased chance of acquittal." *Johnson*, 297 F.3d at 855. "Rather, [the movant] 6 must demonstrate that the joint trial impinged on a fundamental trial right or compromised 7 the fairness of the proceedings in a tangible way." *Hanley*, 190 F.3d at 1027 (superceded by 8 statute on other grounds, relating to the sentencing guidelines). The movant is required to 9 demonstrate manifest prejudice with "sufficient peculiarity" and it is not enough to show that 10 the movant is charged with fewer offenses than a codefendant or that a disproportionate 11 amount of the trial evidence will be introduced against a codefendant. *Id.*

12 The majority of Defendant Sheets' argument in favor of severance advanced in his 13 proposed motion is that Mr. Sheets should be severed because there is so much evidence 14 against Mr. Goodwin and more counts against other defendants. As indicated in the cases 15 cited above, this is an insufficient basis to mandate severance.[1]

16 Finally, Mr. Sheets argues that severance is appropriate so that he might call Mr. 17 Goodwin to present potentially exculpatory evidence. Severance would not affect Mr. 18 Goodwin's privilege against self-incrimination should he choose to exercise such right. In 19 other words, severing Mr. Sheets would not allow him to compel Mr. Goodwin to testify in 20 a self-incriminating manner. Therefore, this also is not a basis for severance. Accordingly,

---

[1] Even where there is the possibility of prejudice, the "'risk of prejudice posed by joint trials can be cured by proper jury instructions.'" *Hanley*, 190 F.3d at 1027 (quoting *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998)). Accordingly, a defendant who seeks severance "based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *Id.* (internal quotations omitted). Mr. Sheets has failed to show that a limiting instruction would be insufficient. Mr. Sheets (or any other defendant or the Government) may proposed a limiting instruction for the Court to read during trial to address these issues.

- 2 -

even if the Court granted late filing, the Court finds, in the exercise of its discretion, that severance is not warranted in this case and said motion would be denied.

Based on the foregoing,

**IT IS ORDERED** that the motion for leave to file severance motion (doc. #102) is denied, and alternatively, the motion to sever (doc. #102) is denied.

DATED this 5th day of December, 2007.

James A. Teilborg
United States District Judge